SHIVERS, Judge.
This appeal is from Order denying appellant’s claim for workmen’s compensation *1200 benefits. The Judge of Industrial Claims found that appellant’s medical complaints after April 27,1977, were not causally related to her work. We reverse on the basis of the medical testimony that claimant’s employment exacerbated her underlying condition.
Claimant worked for over ten years as a school cafeteria worker and food handler. Her duties included preparing food, washing pots and dishes, and collecting money for school lunches. In early 1976, claimant, after washing dishes at the school cafeteria, developed a rash on her hands that produced swelling, cracking and bleeding. The employer referred claimant to Dr. Rehbein, a dermatologist, who treated claimant from May, 1976, through the hearing in December, 1978. April 27, 1977, is the date the parties stipulated to as being the date of maximum medical improvement. That date is when claimant last worked for the employer on the recommendation of Dr. Rehbein. Appellees voluntarily paid temporary total disability compensation for 35 weeks and 5 days, beginning November 24, 1976, and permanent partial disability for eight and three-fourths weeks. Appellee paid all medical treatment.
All the medical evidence was in the form of correspondence. Dr. Rehbein was of the opinion that claimant had a chronic hand dermatitis. He noted that claimant showed a positive reaction to a patch test involving the detergents used by claimant in her employment. On July 25, 1977, Dr. Rehbein wrote: “I feel Mrs. Phillips has a chronic hand dermatitis that would be exacerbated by contact with soaps, water, vegetable juices, any types of strong acids or chemicals, and any types of detergents.” On January 26, 1978, Dr. Rehbein felt that claimant would be able to return to a “dry job,” one which would not involve exposing her hands to liquids of any type. She was definitely advised not to seek further work in the food handling area. He described her hand dermatitis as being “quite mild” and opined that “any permanent disability certainly would be less than 5%.”
Dr. Trimble, a dermatologist, examined claimant on February 22, 1978, and March 8, 1978. Dr. Trimble diagnosed a fungus infection on claimant’s inner thighs and around the buttocks. He wrote: “The rash on the hands could either be an allergic reaction to this fungus infection or a contact dermatitis and very possibly a combination of both these problems.” Dr. Trimble further opined: “I do feel that this type of condition certainly would be aggravated by exposure to detergents, harsh chemicals, soaps and vegetables such as Dr. Rehbein has indicated in his letter, regardless of which of the above diagnoses is correct.” Dr. Trimble believed that claimant “could be treated (for the fungus condition) and rehabilitated to her old job or to some similar type of work provided she did wear protective gloves and provided she treated the other factors involved in her rash, such as her nervous tension (which is unrelated to the pending claim) and her contact dermatitis.”
The claim filed June 28, 1978, was for temporary total and permanent partial disability benefits. The notice of hearing stated that the question in dispute was “merits of the claim.” Claimant’s attorney argued at the hearing that his client was totally and permanently disabled from a loss of wage earning capacity.
From the record it is clear that claimant’s employment exacerbated or aggravated her condition. The Judge of Industrial Claims found the record insufficient to determine that the employment caused the condition or that any aggravation were other than transient. The Judge of Industrial Claims found it unnecessary to determine the duration of any transient aggravation based on his finding that the only benefits being claimed were permanent total benefits. This finding is not supported by competent, substantial evidence.
The issue of claimant’s entitlement to permanent partial benefits was an issue before the Judge of Industrial Claims, being properly claimed and noticed for hearing. Claimant’s argument that she was permanently and totally disabled did not *1201 waive the claim for permanent partial benefits. While neither doctor opined that the contact dermatitis was caused by the claimant’s employment, they both were of the opinion that the employment exacerbated or aggravated the condition. The case is remanded for the taking of further evidence to determine whether claimant’s condition was caused by her employment or whether the exacerbation or aggravation was of such a nature as to entitle her to permanent partial or permanent total benefits.
ERVIN and SHAW, JJ., concur.